UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
FEB 0 7 2006

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 05-40141 |
| Plaintiff, | |
| vs. | |
| | OPINION AND ORDER |
| MICHAEL HEDMAN and ANTONIO GONZALEZ, a/k/a Tony Gonzalez, | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

A motions hearing in this matter was scheduled for Wednesday, February 15, 2006. No hearing is required on the discovery motions filed on behalf of Defendant Michael Hedman. Numerous motions were filed on behalf of Defendant Antonio Gonzalez. By letter dated February 1, 2006, counsel for Mr. Gonzalez has advised none of the motions present any factual matters for which an evidentiary hearing is required. Based on a review of the motions, and the government's responses thereto, it is hereby

ORDERED that:

1. The motions hearing scheduled for Wednesday, February 15, 2006, is cancelled. However, if after further review of the remaining issues, counsel believe a hearing is required they are directed to contact the court as soon as possible.

2. Defendant Michael Hedman's Request Pursuant to 404(b) (Doc. 11) is denied as moot, subject to leave to reopen if discovery becomes disputed.

3. The Government's Requests for Disclosure (Docs. 9 and 31) are denied as moot, subject to leave to reopen if discovery becomes disputed.

4. Defendant Antonio Gonzalez's Motion for Counsel to Participate in Voir Dire (Doc. 45), Motion to Allow Civilian Clothes at Trial (Doc. 48) and Motion to Sequester Government Witnesses (Doc. 49) are deferred for ruling by the District Court.

5. Once a response to Defendant Gonzalez's Motion to Dismiss, or in the Alternative to Suppress (Doc. 46) is received from the United States, a Report and Recommendation will be prepared for consideration by the District Court.

6. Rulings on the balance of the motions filed by Defendant Gonzalez follow:

### Motion for Disclosure of Other Bad Acts Evidence (Doc. 40):

Defendant has moved the court for an order compelling the United States to disclose other bad acts testimony which it intends to offer under Federal Rule of Evidence 404(b). The United States has agreed to comply, as it must, with Rule 404(b), noting that evidence which is probative of a crime with which the defendant is charged and not solely some other uncharged crime is not other bad act evidence subject to the restrictions on admissibility provided in Rule 404(b). The United States has agreed to provide the defendant with reasonable notice in advance of trial of any evidence it intends to offer under Rule 404(b).

Accordingly, it is hereby

ORDERED the Defendant's Motion for Disclosure of Other Bad Acts Evidence is hereby GRANTED, IN PART, and the United States shall provide reasonable notice of its 404(b) evidence no later than two weeks prior to trial. It is further

ORDERED that the balance of Defendant' motion is DENIED. *United States v. Rusin*, 889 F.Supp. 1035, 1036 (N.D.Ill. 1995). (Government's notice of its intent to use other crimes evidence was not required to include dates, places and persons involved in specific acts, documents pertaining to acts, and statements of issues to which government believed such evidence was relevant.); *United States v. Jackson*, 850 F.Supp 1481, 1493 (D.Kan. 1994). (Notice of intent to use prior bad acts evidence need not provide precise details regarding date, time, and place of prior bad acts, but it must characterize prior conduct to degree that fairly apprises defendant of its general nature.)

### Defendant's Motion for Bill of Particulars (Doc. 41):

Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the Court to determine whether a Bill of Particulars should be provided, and the Court should

grant the motion if necessary to prevent unfair surprise at trial. United States v. Maull, 806 F.2d 1340, 1345 (8th Cir. 1986) cert. den. 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987). See also United States v. Butler, 822 F.2d 1191, 1193-94 (D.C.Cir.1987). The Court must strike a "prudent balance" between the legitimate interest of the government and the Defendant. United States v. MacFarlane, 759 F.Supp. 1163, 1169 (W.D.Pa.1991). A Bill of Particulars is not a discovery tool or a device for allowing the defense to preview the Government's theories or evidence. United States v. Hester, 917 F.2d 1083, 1084 (8th Cir. 1990). A Bill of Particulars properly includes clarification of the Indictment, not the Government's proof of its case. United States v. Smith, 341 F.Supp. 687, 690 (N.D.Ga.1972).

Unlike the general federal conspiracy statute, see 18 U.S.C. § 371, the conspiracy provision of the Controlled Substances Act does not require an Indictment to recite any overt acts taken in furtherance of the conspiracy. 21 U.S.C. § 846; see United States v. Covos, 872 F.2d 805, 810 (8th Cir. 1988) cert. den. 493 U.S. 840, 110 S.Ct. 124, 107 L.Ed.2d 85 (1989); United States v. Dempsey, 806 F.2d 766, 769 (7th Cir.1986) cert. den. 481 U.S. 1014, 107 S.Ct. 1889, 95 L.Ed.2d 497 (1987); United States v. Sweeney, 688 F.2d 1131, 1140 (7th Cir.1982). In fact, the Supreme Court has held that proof of "the commission of any overt acts in furtherance of the conspiracy" is not even required for a *conviction* under 21 U.S.C. § 846. United States v. Shabani, 513 U.S. 10, 15, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994). Thus, an indictment under 21 U.S.C. § 846 is sufficient if it alleges "a conspiracy to distribute drugs, the time during which the conspiracy was operative and the statute allegedly violated, even if it fails to allege any specific act in furtherance of the conspiracy." United States v. Sweeney, 688 F.2d at 1140.

Because the United States has represented to the Court that it has supplied extensive discovery and because the Superseding Indictment in this case provides the Defendant with the essence of the charges against him, the Defendant's Motion for a Bill of Particulars is DENIED.

### Defendant's Motion for Severance (Doc. 42):

The basis for this motion is Defendant Gonzalez's assertion that his defense is irreconcilable with the defense of his codefendant. Defendant also asserts the jury will be unable to compartmentalize the evidence as it relates to separate defendants.

3

"In ruling on a motion for severance, a court must weigh the inconvenience and expense of separate trials against the prejudice resulting from a joint trial of codefendants. To grant a motion for severance, the necessary prejudice must be severe or compelling. This is because a joint trial gives the jury the best perspective on all of the evidence and therefore, increases the likelihood of a correct outcome." United States v. Pherigo, 327 F.3d 690, 693 (8th Cir. 2003) cert. den. 124 S.Ct. 420, 157 L.Ed.2d 300 (2003).

"Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts. Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Kime, 99 F.3d 879, 880 (8th Cir. 1996) cert. den. 519 U.S. 1141, 117 S.Ct. 1015, 136 L.Ed.2d 897 (1997). In Kime the defendant argued he was "unfairly tarred" by the spillover effect from the "vast majority" of evidence which was admissible only against his codefendant. The Eighth Circuit held that severance was not warranted. "To justify severance, the defendant must show more than the mere fact that his or her chances for acquittal would have been better had he been tried separately . . . Mere disparity of evidence against codefendants or the alleged prejudicial spillover effect of evidence against a codefendent are not grounds for severance absent a showing the jury will be unable to compartmentalize the evidence against each individual defendant." Id. Factors bearing on whether the jury will be able to compartmentalize the evidence are the length and expected complexity of the trial. Id. In this case, there are only two defendants and the Superseding Indictment contains a single charge–conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana. "Any risk of prejudice [may be] reduced by the district court's instructions, which [should direct] the jury to consider each offense and its supporting evidence separately, and to analyze the evidence with respect to each individual without considering evidence admitted solely against other defendants." United States v. Mathison, 157 F.3d 541, 546 (8th Cir. 1998) (citations omitted) cert. den. 525 U.S. 1165, 119 S.Ct. 1081, 143 L.Ed.2d 83 (1999). See also United States v. Moore, 149 F.3d 773, 778 (8th Cir. 1998) cert. den. 525 U.S. 1030, 119 S.Ct. 570, 142 L.Ed.2d 475 (1998) (risk that jurors would not be able to compartmentalize evidence against various

4

defendants was minimized by court's ongoing limiting instructions); United States v. Flores, 2004 WL 691179 (8th Cir. Iowa) (no requirement in a joint trial that the quantum evidence of each defendant's culpability be equal; district court properly instructed jury and no evidence jury was unable to compartmentalize evidence against each defendant). Defendant has not shown that the alleged disparity of evidence between himself and the other Defendant will prevent him from receiving a fair trial in this matter. There is a single count in the indictment, and Defendant is free to request appropriate limiting instructions from Judge Piersol.

Defendant also asserts his defense is irreconcilable with the defense of his codefendant. "Defendants can show real prejudice by either showing that their defense is irreconcilable with the defense of their codefendant or codefendants or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." United States v. Gutberlet, 939 F.2d 643, 645 (8th Cir. 1991). "To determine whether defenses are irreconcilable, the test is whether the defenses so conflict that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." Id. Also, "the mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials, as a codefendant frequently attempts to point the finger to shift the blame, or to save himself at the expense of the other. United States v. Flores, 2004 WL 691179 (8th Cir. Iowa) at * 5. In both the Gutberlet case and in United States v. Lara, 891 F.2d 669 (8th Cir. 1989), the Eighth Circuit held that an entrapment defense of one defendant was not unacceptably antagonistic to the non-involvement defense of a codefendant. In Flores, one defendant claimed innocence, (he testified on his own behalf and claimed he had no knowledge there were drugs in the vehicle) while the other claimed the government failed to prove its case . The Eighth Circuit likewise held those defenses were not unacceptably antagonistic. Based on the authority of Gutberlet, Lara, and Flores, Defendant has failed to show his defense is so antagonistic with the defense of his codefendant that the jury will be forced to disbelieve one in order to believe the other. Accordingly, Defendant's Motion for Severance (Doc. 42) is DENIED.

### Motion for Disclosure of Other Acts Evidence Outside of Rule 404(b) (Doc. 43):

Defendant requests the government disclose whether it intends to offer at trial any evidence of other crimes, wrongs or bad acts outside the provisions of Federal Rule of Evidence 404(b). The

5

United States objected to the request. After considering the parties' written submissions, Defendant's motion is DENIED.

### Defendant's Motion for Disclosure of Impeaching Information (Doc. 44):

Defendant has moved the court for the production of material tending to impeach the credibility of government witnesses or to show bias of such witnesses.

The United States has acknowledged its obligation to provide the defendant with any exculpatory and impeaching materials required under the holdings in Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). Accordingly, it is hereby

ORDERED, that Defendant's motion is hereby GRANTED, IN PART, and the United States shall supply the defendant with any exculpatory and impeaching materials as required by the holdings in Brady and Giglio. Further, the United States shall provide the defendant with the criminal records of its witnesses that are properly used for impeachment purposes under the provisions of Rule 609 of the Federal Rules of Evidence. The balance of Defendant's motion is DENIED.

### Defendant's Motion to Inspect Grand Jury Minutes and for Production of Grand Jury Testimony (Doc. 47):

Defendant's motion seeks an order permitting Defendant and his attorney to inspect the minutes of the grand jury and the recorded testimony of witnesses in this case. In its' response to the motion, the United States has agreed to provide the defendant with grand jury transcripts which may constitute witness statements under the provisions of Rule 26.2 and the Jencks Act, 18 U.S.C. § 3500, no later than the Friday before trial. The United States also has agreed to provide the defendant with any grand jury materials or transcripts which constitute exculpatory information as required by the decision in Brady v. Maryland, 373 U.S. 83 (1963). Otherwise, the United States objects to the motion.

In order to justify the disclosure of other grand jury materials, the defendant must make a showing of "particularized need." Thomas v. United States. 597 F.2d 656, 658 (8th Cir. 1979). A

defendant's bare allegation that the records of the grand jury are necessary to determine whether there is a defect in the grand jury process does not constitute a showing of particularized need. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994).

Based upon these considerations, the defendant's motion is GRANTED, IN PART, and the United States shall provide the defendant with grand jury transcripts which may constitute witness statements under the provisions of Rule 26.2 and 18 U.S.C. § 3500 no later than the Friday prior to trial. The United States shall further provide the defendant with any grand jury materials or transcripts which constitute exculpatory information as required by the decision in Brady v. Maryland, 373 U.S. 83 (1963). The balance of defendant's motion is DENIED.

## Defendant's Motion to Reveal Identity of Confidential Informants (Doc. 50):

Defendant seeks for the government to disclose the identity of any confidential informant or source of information referenced in the law enforcement reports related to this case. The United States objected to the request.

Before a defendant may obtain the identity of a confidential informant, the defendant must demonstrate that such disclosure is "vital to a fair trial." United States v. Curtis, 965 F.2d 610, 614 (8th Cir. 1992). Such a showing must be sufficient to demonstrate that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants. United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). The defendant has failed to make a sufficient showing to overcome the government's privilege to withhold the identity of its confidential informants.

Because the defendant has failed to carry its burden of proof, Defendant's request for the government to disclose the identity and criminal records of confidential informants is GRANTED, IN PART, only as it pertains to witnesses who will testify at trial. Pursuant to Brady v. Maryland, 373, U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and to the extent that exculpatory information would include the identity of a confidential informant, the information shall be produced by the government two weeks before trial. If a confidential informant does not have

7

exculpatory information but will testify at trial, the identity of the confidential informant will be disclosed the morning of trial. If a confidential informant has no exculpatory information and will not testify at trial, then the identity of a confidential informant is not required to be disclosed. The balance of Defendant's motion is DENIED.

### Defendant's Motion for Disclosure of Witness Inducements (Doc. 51):

The defendant has moved the court for an order requiring the United States to disclose the identity of all witnesses it intends to call at trial to testify and any inducements given to said witnesses in return for their testimony. The United States, in response to the motion, has indicated that it will disclose any plea agreements, promises, or other inducements offered to its witnesses. Based upon the United States' response, it is hereby

ORDERED that the defendant's motion for disclosure of witness inducements is GRANTED and the United States shall provide the information to defendant no later than two weeks prior to trial.

Dated this 7th day of February, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, Clerk

By Shelly Margulies, Deputy